IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-06-33 |
| § | CIVIL ACTION NO. H-07-4581 |
| KELVIN ZACHARY NEWMAN § | |
| § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Kelvin Zachary Newman's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 38),[1] Movant's Memorandum in Support of § 2255 Motion (Document No. 39), and the United States' Answer and Motion to Dismiss (Document Nos. 46 and 47). After reviewing the parties' submissions, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion To Dismiss (Document No. 46) be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 38) be DENIED and that this § 2255 proceeding be DISMISSED.

---

[1] Kelvin Zachary Newman's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-07-4581 and at Document No. 38 in Criminal Action No. H-06-33. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

I.     **Procedural History**

Movant Kelvin Zachary Newman ("Newman") who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C.§ 2255. This is Newman's first attempt at § 2255 relief.

On February 8, 2006, Newman was charged in a three count Indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one), possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (count two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count three). (Document No. 1). On April 5, 2006, the Government filed a notice of enhancement of punishment under 21 U.S.C. § 851. According to the notice, Newman had a felony conviction in Harris County, Texas, Cause Number 967433, and based on this prior felony drug conviction the Government sought to enhance Newman's punishment under 21 U.S.C. § 841(b)(1)(B)(iii). (Document No. 19). Newman pleaded guilty to the Indictment on April 7, 2006. (Document No. 20, Transcript of Rearraignment hearing, Document No. 44).

At Newman's April 7, 2006, Rearraignment hearing, the Court engaged in an extended colloquy to ensure that Newman understood the charges against him, the maximum penalties, the rights he was waiving, the factual basis of the plea, and the manner in which his sentence would be calculated. (Document No. 20, Transcript of Rearraignment Hearing, Document No. 44). In particular, with respect to Newman's understanding of the maximum penalties, and the calculation of Newman's sentence, the following exchanges took place between Newman and the Court

regarding Newman's understanding of the plea agreement and the manner in which his sentence would be calculated:

> The Court:  All right.  Mr. Newman, has anybody made any promises or assurances to you of any kind in an effort to persuade you to plead "guilty" in this case?
>
> The Defendant:  No, ma'am.
>
> The Court:  Has anybody in any way attempted to force you to plead "guilty" in this case?
>
> The Defendant:  No, ma'am.
>
> The Court:  Are you pleading "guilty" because you are guilty?
>
> The Defendant:  Yes, ma'am.
>
> The Court:  Do you understand that the offense to which you are pleading "guilty" is a felony offense?
>
> The Defendant:  Yes, ma'am.
>
> The Court:  And that if your plea is accepted you will be adjudged guilty of that offense?
>
> The Defendant:  Yes, ma'am.
>
> The Court:  And such adjudication may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess firearms.  Do you understand that?
>
> The Defendant:  Yes, ma'am.
>
> The Court:  Are you a U.S. citizen?
>
> The Defendant:  Yes, ma'am.
>
> The Court:  I want to go over with you now, Mr. Newman, the maximum penalties you're facing as a result of your plea of "guilty" this morning.
>
> The Defendant:  Yes, ma'am.

The Court:  Now, you are pleading "guilty" to Counts 1, 2 and 3.

Count 1 is possession of a firearm by a felon, and the maximum penalty for that crime is imprisonment for a term not to exceed ten years, a fine of up to $250,000 or both. And then there would be supervised release up to a maximum of three years, and along with that supervised release there would be certain conditions of supervised release that you would be obliged to follow.  If you fail to follow those you could be put back into prison for some period of time without any credit for the time you had been on supervised release and without any credit for the time that you had been in prison.  And then there would be a one-hundred dollar special assessment for the one count.

Count 2.  You are pleading "guilty" to a violation of 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii), possession with intent to distribute 5 grams or more of cocaine base.  The penalty for that crime includes imprisonment for a term of at least ten years and up to life imprisonment, a fine of up to $4 million or both, and the penalties would be based on a sentencing enhancement.

Mr. Costa:  We filed that, your Honor; so, it's assuming that you find that conviction is indeed valid.

The Court:  Yes.

And then supervised release would be of at least eight years and with the conditions of supervised release that you would be obliged to follow; and, just like in any other case, if you violated those conditions you would be put back into prison for some period of time without any credit.  And then a one-hundred dollar special assessment for that count.

In Count 3 you are pleading "guilty" to a violation of 18, United States Code, Section 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense, and the penalty for that crime includes imprisonment for a term not less than five years, which term must run consecutive to other terms imposed, and a fine of up to $250,000 or both, and then there would be supervised release up to a maximum of five years, and there would be conditions of supervised release which you would be obliged to follow, and a one-hundred-dollar special assessment for that count.  So, it's a total of $300 special assessment for the three counts.

Do you understand that for each of those three counts, all of those taken together— the prison time, the fine, the supervised release, the conditions of supervised release and the special assessment — those are the maximum possible penalties you're facing as a result of your plea of "guilty" this morning?

The Defendant:  Yes, ma'am.

The Court:  Under the Sentencing Reform Act of 1984 the United States Sentencing Commission has issued guidelines for judges to follow to determine what the sentence will be in a criminal case.  Have you and Mr. Newton talked about how those guidelines may apply in your case?

The Defendant:  Yes, ma'am.

The Court:  Do you understand that those guidelines are now advisory only and are no longer mandatory?

The Defendant:  Yes, ma'am.

The Court:  But, nevertheless, the Court is obliged to consider the guidelines when deciding what the penalty will be in a criminal case.  Do you understand that?

The Defendant:  Yes, ma'am.

The Court:  And so that I will have a chance to consider those, a probation officer will do an investigation of your case and will write a presentence report that will assist me in sentencing.  Do you understand that?

The Defendant:  Yes, ma'am.

The Court:  And for that reason I will not be able to tell you what your sentence is today.  Do you understand that?

The Defendant:  Yes, ma'am.

The Court:  Once the probation officer has finished the presentence report you and Mr. Newton and the Government will be given a copy of that report, and each of you will be given an opportunity to make any objections that you may have to the presentence report.  Do you understand that?

The Defendant:  Yes, ma'am.

The Court: And then we will have a sentencing hearing, and at that hearing I will rule on any objections that may be made to the presentence report.  I will also rule on any motions or recommendations that may be made and on any other matters that might have an impact on the sentence that you receive.  Do you understand that?

The Defendant:  Yes, ma'am.

> The Court: And at the conclusion of that hearing I will then be in a position to determine what your sentence is. Do you understand that?
>
> The Defendant: Yes, ma'am.
>
> The Court: And do you understand that it could be that the sentence I give you is more severe than the one that you and Mr. Newton may have estimated you might get when you were discussing how the guidelines might apply in your case? Do you understand that?
>
> The Defendant: Yes, ma'am.
>
> The Court: And if that should happen, if you should get a sentence that is more severe than the one you're expecting, do you understand you will not be given an opportunity to withdraw your plea of "guilty"?
>
> The Defendant: Yes, ma'am. (Transcript of Rearraignment Hearing, held April 7, 2006, pp. 4-9).

In addition, with respect to the factual basis of Newman's plea, the record shows:

> The Court: All right. Mr. Costa, tell me what it is the Government is prepared to prove if we go to trial in this case.
>
> Mr. Costa: If this case were to proceed to trial the United States would prove the following facts beyond a reasonable doubt:
>
> On September 28, 2005, Harris County Sheriff's Deputies Savell and Stech conducted a traffic stop on a vehicle driven by Defendant Kelvin Zachary Newman. Before the vehicle pulled over, the deputies observed Newman lean forward and down and reach his arms toward the floorboard area. After Newman's vehicle came to a stop deputies observed Newman continue to reach down and forward inside the vehicle. The deputies approached the vehicle and saw Newman place a plastic baggy under his seat. Newman appeared nervous, as he was stuttering his speech, his hands were trembling and he refused to make eye contact. The deputies asked for Newman to exit his vehicle.
>
> Deputy Stech observed that Newman's hands were covered with an off-white substance that resembled crack cocaine residue. Newman was handcuffed. Deputy Stech retrieved a chemical test kit, swabbed Newman's hands and mouth and received a positive result for cocaine.

Deputy Stech then asked whether Newman had any narcotics in the vehicle. Newman averted his eyes, briefly hesitated and then replied "No". Newman was increasingly nervous, with his whole body shaking.

The deputies then placed Newman in their patrol car as they conducted a search of the vehicle. Deputy Stech recovered a clear plastic baggy from the area where Newman had been reaching. The baggy contained several large chunks of a substance that appeared to be crack cocaine still in cookie form. The Houston Police Department lab later tested the substance and determined it was 21 grams of a substance containing cocaine base.

The deputies continued with an inventory search prior to towing. Deputy Stech found a 40-caliber Kel-Tec Sub-2000 semi-automatic rifle in the trunk. When the weapon was discovered Newman made the res gestae statement, "Boss, there's nothing else in the car. That's all of it." The weapon was loaded with 12 rounds in the magazine and one in the chamber. The butt of the weapon was clearly visible once the trunk was opened and the rifle was in a standing position.

Newman has multiple prior felony convictions, including a June 17, 2004, conviction for possession of cocaine in the 183rd District Court of Harris County.

ATF Special Agent Greg Alvarez determined that the 40-caliber semi-automatic rifle was manufactured in Florida and, therefore, must have traveled in interstate commerce.

The Court: Mr. Newman, tell me in your own words what it is you did to commit the crime you're pleading "guilty" to this morning.

The Defendant: What do you mean? What I did?

The Court: Yeah. What did you do?

The Defendant: I committed a crime.

The Court: Did you do pretty much what Mr. Costa just outlined for me that you did?

The Defendant: Yes, ma'am.

The Court: You don't have any substantial disagreements with that narrative?

The Defendant: No, ma'am. (Transcript of Rearraignment Hearing, held April 7, 2006, pp. 15-17).

Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared (Document No. 26), to which Newman filed no written objections. Pursuant to the PSR, Newman's sentence was calculated as follows: (1) In calculating Newman's base offense level, because Newman was held accountable for 21.91 grams of crack cocaine and had been convicted of a violation of 21 U.S.C. § 841(a)(1), U.S.S.G. § 2D1.1 directed a base offense level of 28. (2) Because Newman accepted responsibility for his conduct, and did so in a timely manner, pursuant to U.S.S.G. § 3E1.1(a) & (b), his offense level was reduced by three levels. (3) With an adjusted base offense level of 25, and with a criminal history category of VI, Newman had a guideline sentencing range of 110 to 137 months. In addition, if 21 U.S.C. § 851 applied, Newman had a guideline range of 120 to 137 months pursuant to U.S.S.G. § 5C1.1(c)(2). (Document No. 26 & 28). Also, Count 3 carried a mandatory consecutive term of imprisonment of not less than five years pursuant to 18 U.S.C. § 924(c)(1)(A).

Newman was sentenced on December 22, 2006. (Document No. 33, Transcript of Sentencing Hearing, Document No. 45). Newman pleaded true to the Government's Enhancement. (Document No. 45, p. 9). In connection with Newmans' sentencing, Judge Harmon addressed Newman's counsel's desire to get below the minimum mandatory of 15 years. With respect to this wish, Judge Harmon stated:

> Mr. Newton: I wish there was something I could say to get below the minimum mandatory 15 years. I'm afraid I can't. Other than there is a little wiggle room between the bottom of the guideline range and the top of the guideline, the bottom being 180. Mr. Newman did make a very good faith effort in attempting to get a 5K, and was unsuccessful. But that effort, I would ask the Court to consider giving him the bottom statutory minimum sentence.
>
> The Court: All right. Mr. Costa?

Mr. Costa: I would also recommend, Judge, the statutory minimum that's within the guideline range, a 15 year sentence. Mr. Newman did attempt to cooperate. The officers conducted surveillance. It didn't pan out; but I believe that does warrant the low end of the guidelines.

The Court: All right. Mr. Newman, anything you'd like to say before I pronounce sentence?

The Defendant: No, ma'am.

The Court: No? You don't have to.

The Defendant: No, ma'am. That's okay.

The Court: All right. Kelvin Zachary Newman is before the Court for sentencing after a plea of guilty for possession of a firearm by a convicted felon, possession with intent to distribute 5 grams or more of cocaine base, and possession of a firearm in furtherance of a drug trafficking crime.

Evidence revealed that after being stopped by police on a traffic violation, he was found to be in possession of approximately 21.9 net grams of crack cocaine, a Kel-Tec .40 caliber rifle, 13 rounds of .40 caliber ammunition, and two small baggies containing several tablets of ectasy.

Mr. Newman's criminal history reveals he has a previous criminal conviction for evading arrest twice, theft twice, driving while license suspended twice, burglary of a motor vehicle, and possession of a controlled substance. He's also been arrested for trespass burglary of a building twice, aggravated assault, possession with intent to deliver a controlled substance twice, and felon in possession of a firearm. And these arrests were dismissed for a variety of reasons.

Due to his previous drug related conviction, the government filed a notice of enhancement in the instant case. At the time he was arrested for the instant offense, he was on parole for evading arrest. Additionally, he committed the instant offense less than two years after he was released from custody after [the] evading arrest offense.
In mitigation, he appears to be remorseful for committing the instant offense; he's been cooperating with the authorities and tried to obtain a downward departure.

Considering all the factors, a sentence of 120 months takes into account his conduct in the instant offense and the enhancement pursuant to 21 United States Code Section 851 filed by the Government. This sentence will be followed by a mandatory 60 month consecutive sentence for conviction for possession of a firearm in furtherance

of a drug trafficking crime. (Transcript of Sentencing Hearing, held December 22, 2006, Document No. 45, pp. 4-6).

Newman was sentenced to a term of imprisonment of 120 months on Counts 1 and 2, to be served concurrently, followed by a consecutive term of 60 months on Count 3, for a total term of 180 months imprisonment, to be followed by a total term of supervised release of 8 years. Also, the Court imposed a special assessment of $300. (Document No. 33, Transcript of Sentencing Hearing, Document No. 45, pp. 6-8). Judgment was entered on January 8, 2007. (Document No. 35).

On December 26, 2007, within one year of his conviction being final, Newman timely filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 38), and a Memorandum in Support of his § 2255 motion (Document No. 39). In his § 2255 motion, Newman raises two claims of ineffective assistance of counsel. According to Newman, his counsel rendered ineffective assistance when he failed to object to the sentence enhancement based on *Lopez v. Gonzalez*, 127 S.Ct. 625 (2006). He further claims that counsel was ineffective when he failed to object to the quantity of crack cocaine he was held accountable for in calculating his base offense level. According to Newman, not all of the crack cocaine was for sale. Instead, he claims at least 5 grams was for personal use. Finally, Newman requests that his offense level should be lowered from 28 to level 26 based on a retroactive amendment to the sentencing guidelines.

The Government, in response, filed a Motion to Dismiss. (Document No. 46). According to the Government, Newman's § 2255 Motion to Vacate, Set Aside or Correct Sentence should be dismissed because Newman is not entitled to relief. According to the Government, Newman has not shown that his counsel was deficient nor has he shown that he was prejudiced. Finally, the Government contends that Newman's prior convictions resulted in a statutory minimum of 120

months and a mandatory consecutive sentence of 5 years, and as such, Newman does not fall under the November 1, 2007, Sentencing Guidelines Amendment for crack cocaine offenses.

With respect to Newman's allegations of ineffective assistance of counsel, the Government has submitted the affidavit of Newman's counsel, Brent Evan Newton, which has been included the record (Document No. 50**)**.  Mr. Newman states in pertinent part as follows:

> 3.  I have reviewed the allegations contained in Mr. Newman's § 2255 motion in which he claims that I provided ineffective assistance of counsel by failing to object to the prosecution's recidivist enhancement under 21 U.S.C. §§ 841(b)(1)(B) and 851 based on his prior Texas felony conviction for simple possession of cocaine. He contends that I should have objected on the ground that the Supreme Court in *Lopez v. Gonzalez*, 127 S.Ct. 625 (2006), held that a state felony conviction for simple possession of drugs in not "drug trafficking" within the meaning of 8 U.S.C.      § 1101(a)(43)(B), a provision of the Immigration and Nationality Act.  The premise of Mr. Newman's argument is flawed.  *Lopez* addressed an entirely different statutory definition than the one relevant in Mr. Newman's own case.  The relevant statute in his case is 21 U.S.C. § 802(44), which defines "felony drug offense" – i.e., the type used for enhancements in federal drug cases— as any prior state or federal "felony" offense that "relate[es]" to illegal drugs.  That statutory definition is much broader than the one at issue in *Lopez* and clearly encompasses a state felony conviction for simple possession of drugs.  *See, e.g. United States v. Curry*, 404 F.3d 316, 318-19 (5th Cir. 2005).  Mr. Newman's sentence was properly enhanced to a statutory minimum 120 months based on his prior Texas felony conviction for simple possession of drugs.
>
> 4.  Mr. Newman's remaining allegation of ineffectiveness– that I failed to argue that at least 5 of the 21.9 grams of cocaine in his car were intended for his "personal" use as opposed to being intended for distribution– is meritless. Even if I had objected on this ground and the court has sustained the objection, his mandatory minimum statutory sentence, with the above-mentioned enhancement, still would have been 120 months on counts 1 and 2 of the indictment— resulting in the same total 180-month sentence that he received.  Thus, I would have had no legal basis to make such an objection. Alternatively, even assuming Mr. Newman is correct that such an objection would have been meritorious if made, *but see United States v. Rangel*, 108 Fed. Appx. 162, 165 (5th Cir. 2004) (noting that the Fifth Circuit has not ruled on this issue and that the other circuits are divided on the issue), and that his statutory minimum was not 120 months, Mr. Newman never told me that 5 grams of nearly 22 grams were reserved for personal use.  The first time I ever heard of this claim was

11

>when I read his § 2255 motion. Thus, I had no factual basis to raise the objection. (Document No. 46).

Newman was provided a copy of counsel's affidavit and was given three extensions of time to respond to the Government's motion or to the contents of the affidavit (Document Nos. 52, 54, 57). The docket sheet shows that Newman has not responded to the Government's motion or to the contents of the affidavit.

Claims of ineffective assistance of counsel are generally measured by the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Strickland*, 466 U.S. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id*. at 687-88. The prejudice element requires a petitioner to prove that absent the disputed conduct of counsel, the outcome would have been both different and more favorable. *Id*. at 694-95. Under *Strickland*, a petitioner must establish both deficiency and prejudice prongs to be entitled to habeas relief. The failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *United States v. Seyfert,* 67 F.3d 544, 547 (5th Cir. 1995).

Under the deficiency prong of *Strickland*, judicial scrutiny of counsel's performance is "highly deferential" and "a strong presumption" is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1064-65 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993) (citing *Strickland*). To overcome the presumption of competence, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*,

12

466 U.S. at 690. Under the prejudice prong of *Strickland,* a petitioner must be able to establish that absent his counsel's deficient performance, the result of his trial could have been different. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination of whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied,* 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland,* 466 U.S. at 690. "We will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices." *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999) (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)). Conclusory allegations of ineffective assistance of counsel do not raise a constitutional question in a federal habeas petition. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000) (citing *Barnard v. Collins,* 958 F.2d 634, 642 (5th Cir. 1992); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

With respect to guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, Newman "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* As to the specific examples of ineffective assistance of counsel which Newman cites to in support

of his ineffectiveness claims, such as that counsel should have objected to his sentence enhancement and should have argued that at least 5 grams of the 21.9 grams were intended for personal use as opposed as being intended for distribution, the record either affirmatively shows that Newton's counsel was not deficient or there is no evidence that the alleged errors prejudiced Newton within the meaning of *Strickland.*

Here, the record shows that Newman's attorney knew of, and was aware of the Supreme Court's holding in *Lopez,* but knew that it did not apply to Newman's case because it addressed a different statutory definition than that with which Newman was charged. Similarly, the record shows Newman has not shown he has been prejudiced by counsel's failure to object to the quantity of drugs he has been accountable for because even had counsel made the objected suggested by Newman, his sentencing range would have been the same. Counsel cannot be found ineffective for failing to object when there was no basis to make the objection. In conclusion, Newman has offered no proof as to how his counsel's performance was objectively deficient, or proof that such deficient performance prejudiced him in any way. *See Strickland*, 466 U.S. at 687. Therefore, no relief is available under § 2255 on the ineffective assistance of counsel claims.

With respect to Newman's request that his offense level be lowered from 28 to level 26 based on United States Sentencing Guideline Amendment No. 706, which has been made retroactive by the Sentencing Commission, and which became effective on March 3, 2008, such a request is not proper under § 2255, but is a claim for a sentence modification pursuant to 18 U.S.C. § 3583(c)(2) based on United States Sentencing Guideline Amendment No. 706, which became effective on November 1, 2007, and which changed the base offense for crack cocaine for certain quantities such that the base offense level is reduced by two levels. Newman argues that based on Amendment 706, his base

offense level for the quantity of crack cocaine attributed to him at sentencing should be lowered two levels, from 28 to 26, with an accompanying reduction in his advisory guidelines range. 18 U.S.C. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to this statute, a reduction in a defendant's sentence may be appropriate in a situation where the defendant has been sentenced to a term of imprisonment based on a sentencing range which has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), *and* the Commission announces that the amendment is to be retroactively applied. *See United States v. Drath,* 89 F.3d 216, 217 (5th Cir. 1996) (§ 3582 applies only where a guideline is amended and the amendment is expressly made retroactive by the Sentencing Commission). However, if an amendment to the Guidelines is not listed in U.S.S.G. § 1B1.10(c)(Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)) as an amendment which is to be retroactively applied, then the amendment may not serve a basis for reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). The twenty-six Sentencing Guideline Amendments listed in § 1B1.10(c), which are to be retroactively applied, are: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, and 706. Because Amendment No. 706 has been made retroactive by the Sentencing Commission, this amendment can serve as a basis for reducing Newman's sentence under § 3582(c)(2). The Docket sheet shows the Court directed that a new PSR be prepared, and has denied Newman's request for

a sentence reduction under § 3582(c)(2). (Document No. 57). In this § 2255 context, Newman's request for a reduction in his base offense level must likewise be denied.

**V. Conclusion and Recommendation**

Based on the foregoing, it is

RECOMMENDED that the Government's Motion to Dismiss (Document No. 46) be GRANTED, and that Movant Kelvin Zachary Newman's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 38) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 21ST day of July, 2008.

Frances H. Stacy
United States Magistrate Judge